By the Court :
By the act of 1875 (72 Ohio L. 107), it was provided; “ Section 199. All cities and incorporated villages shall have the general powers hereinafter mentioned, and may provide by ordinance for the exercise of the same. * * * 5. To regulate ale, beer and porter houses and shops. 6. To regulate taverns or other houses for public entertainment.” And see Rev. Stats. §1692.
*652 The following ordinance was regularly adopted by council and was in force in 1877 in the city of Cleveland, and was based on the above statutory provisions :
“ Section 40. — It shall be unlawful for any keeper or proprietor of any saloon or restaurant, or room or place wherein ale, beer, porter, wine or liquors are sold, to employ any girl or girls, woman or women, other than the wife of- said keeper or proprietor, in the said saloon or restaurant, in the waiting on customers, or the furnishing to customers of ale, or beer, porter, wine, liquors, or any article of any kind whatsoever therein sold, or to perform any service whatsoever, either with or without compensation, in said room or place where said ale, beer, porter, wine or liquors, and other articles are sold and kept for sale.
“Section 41. — It shall be unlawful for.any girl or girls, woman or women, to be employed, or to render service of any description whatsoever, either with or without compensation, in any ale or porter house, or in any room or place in which ale, beer, porter, wine or liquors are sold, as a waiter, bartender, or in any other capacity which shall render it necessary for her to rende]- service of any kind whatsoever in any room where said ale, beer, porter, wine or liquors are sold or kept for sale : Provided, that this ordinance shall not prevent any proprietor of such place or places from employing his wife in his assistance in such place or places.
“Section 42. — Every person employing any girl or girls, woman or women, or permitting or suffering any girl or girls, woman or women, to render service, with or without compensation, in such place or places, contrary to the provisions of sections forty and forty-one of this chapter, shall, on conviction thereof, be fined in any sum not less than five dollars nor more than fifty dollars, for every day such person or persons shall Ife so employed, permitted or suffered to so render service in violation of said sections; and every girl or woman who shall be employed in such place or places, or who shall render service therein cont ary to the provisions of said sections, shall, on conviction thereof, be fined in any sum not exceeding fifty dollars, or imprisoned for not less than thirty *653 nor more than- ninety days, or both, at the discretion of the court.”
Ferdinand Bergman was proprietor and keeper of a beer •hall in the city of Cleveland, and on Jitly 6, 1877, bad in his employ two women, neither of whom was his wife or daughter, as waiters to cany the beer from the bar to the customers •seated at and around tables in the same room of the saloon or ■beer hall. He was charged in the police court, in an affidavit, with such offence, and arrested, and an information having been filed, he moved to quash the same, which motion was overruled. The defendant then pleaded not guilty and waived a jury, and, on proof of the above facts, was convicted and sentenced to pay a fine of $40 and costs, and it, was ordered that he 'stand committed until, fine' and costs were paid.
The conviction was affirmed in the court of common pleas and district court, and this petition in error is prosecuted to reverse the several judgments.
It is urged that the ordinance violates Art. 1. § 1, of the Constitution of the State, the fourteenth amendment to the Constitution of the United States, and other provisions of the State and federal constitutions. But we do not think so. The power to regulate such places where intoxicating liquors are sold, is expressly delegated to incorporated cities and villages, and in our opinion the ordinance and conviction are within the power so delegated, and violate no constitutional provision.

Judment affirmed. '